UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VISION BUILDERS, LLC,

    *Plaintiff*,

v.

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES,

    *Defendant*.

Civil Action No. 19-3159 (TJK)

## MEMORANDUM OPINION

Vision Builders is a design services firm seeking to hire a Vice President of Strategic Planning from outside the United States on an H-1B visa. By statute, such visas are reserved for "specialty occupations," which require "theoretical and practical application of a body of highly specialized knowledge" and "attainment of a bachelor's or higher degree in the specific specialty (or its equivalent)." 8 U.S.C. § 1184(i)(1). USCIS found that Vision Builders had not shown that the proposed role is a specialty occupation and denied the petition for an H-1B visa, so Vision Builders sued under the Administrative Procedure Act. Vision Builders now moves for summary judgment, arguing that USCIS misinterpreted the regulatory standard for specialty occupations and abused its discretion in finding that Vision Builders did not meet its burden. USCIS cross-moved for summary judgment, maintaining that the statutory text compels its interpretation of the specialty-occupation regulation and that it reasonably found that Vision Builders had not shown that its VP role requires a specialized bachelor's or its equivalent related to the position. For the reasons explained below, USCIS did not err in rejecting the H-1B petition, and the Court will grant it summary judgment.

I.      Background

      A.      **Regulatory Background**

The Immigration and Nationality Act (INA) permits employers to petition for "H-1B" nonimmigrant visas on behalf of alien beneficiaries. 8 U.S.C. § 1184(c)(1). To obtain an H-1B visa, the employer bears the burden of showing U.S. Citizenship and Immigration Services (USCIS), which "makes the determination under the INA on whether to grant visa petitions," 20 C.F.R. § 655.715, that the proposed role is a "specialty occupation" and that the beneficiary meets the role's requirements, *see* 8 U.S.C. § 1361.[1] "[T]he term 'specialty occupation' means an occupation that requires—(A) theoretical and practical application of a body of highly specialized knowledge, and (B) attainment of a bachelor's or higher degree in the specific specialty (or its equivalent) as a minimum for entry into the occupation in the United States." 8 U.S.C. § 1184(i)(1).

The applicable regulation, expanding on that language, further states that a specialty occupation requires (A) "theoretical and practical application of a body of highly specialized knowledge in fields of human endeavor including, but not limited to, architecture, engineering, mathematics, physical sciences, social sciences, medicine and health, education, business specialties, accounting, law, theology, and the arts"; and (B) "the attainment of a bachelor's degree or higher in a specific specialty, or its equivalent." 8 C.F.R. § 214.2(h)(4)(ii). The position must also satisfy one of these criteria:

> (1) A baccalaureate or higher degree or its equivalent is normally the minimum requirement for entry into the particular position;
>
> (2) The degree requirement is common to the industry in parallel positions among similar organizations or, in the alternative, an

---

[1] Because USCIS found that Vision Builders had not met its burden to show that its Vice President of Strategic Planning is a specialty occupation, it did not decide, and the Court need not consider, whether Potgieter is qualified for the role.

2

>employer may show that its particular position is so complex or unique that it can be performed only by an individual with a degree;
>
>(3) The employer normally requires a degree or its equivalent for the position; or
>
>(4) The nature of the specific duties are so specialized and complex that knowledge required to perform the duties is usually associated with the attainment of a baccalaureate or higher degree.

*Id.* § 214.2(h)(4)(iii)(A); *see also Taylor Made Software, Inc. v. Cuccinelli*, 453 F. Supp. 3d 237, 240–41 (D.D.C. 2020).

### B.    Factual Background

Vision Builders "is a multifaceted foodservice design company" in North Carolina with 17 full-time employees, around $3 million in annual revenue, and hundreds of clients nationwide in the business, travel, healthcare, education, and restaurant sectors.  AR 62.[2]  In April 2019, Vision Builders filed a Form I-129 Petition for a specialty-occupation H-1B visa with USCIS to fill its proposed role, "Vice President of Strategic Planning."  *See* AR 2, 38–51; 8 U.S.C. § 1101(a)(15)(h)(i)(b).  The petition included a certified Labor Condition Application (LCA), AR 55–60, letter from Vision Builders describing the duties of the proposed role, AR 61–64, and extensive information on Philip Potgieter, the South African beneficiary hired for the role, *see* AR 67–95.  According to the letter, the Vice President of Strategic Planning—which is akin to a "General and Operations Manager[]" (Standard Occupational Classification Code 11-1021) under the Department of Labor's (DOL) Occupational Outlook Handbook (OOH or

---

[2] In ruling on the parties' motions, the Court considered all relevant filings, including, but not limited to, the following: ECF No. 1 ("Compl."); ECF No. 12 ("P's MSJ"); ECF No. 15 ("D's MSJ"); ECF No. 17 ("P's Reply"); ECF No. 19 ("D's Reply"); ECF No. 20 (Joint Appendix, with citations to Bates Numbers designated as "AR __"); and Plaintiff's notices of supplemental authority, ECF Nos. 21–24.  Plaintiff requested oral argument, ECF No. 21, but the Court finds, in its discretion, that oral argument would not help resolve the motions, *see* LCvR 7(f), and therefore denies its request.

"O*NET")—requires "a minimum of a U.S. Bachelor's degree in Business Administration, or a closely related field" and one "year of professional experience in the construction industry." AR 62–63; *see* Compl. ¶ 62.

USCIS found those materials insufficient to meet the criteria for a "specialty occupation," and it issued a request for evidence (RFE) in June 2019. AR 142–59. In response, Vision Builders provided more information responsive to the issue, *see* AR 170, including (1) a letter from a university professor "providing analysis as to appropriate academic prerequisites for such a position, concluding that it is a specialty occupation requiring the theoretical and practical application of a highly specialized body of knowledge, viz. Business Administration and related fields," AR 177; (2) a more detailed description of the Vice President of Strategic Planning's job duties and the corresponding "specialized knowledge one must possess in order to perform" those duties, including: "Contract Negotiations," "Project Management," "Project Scheduling," "Program Management," "Strategic Planning," "Business Communications," "Financial and Managerial Accounting," "Managerial Finance," "Construction Management," "Human Resource Management," and "Principles of Marketing," AR 199–203; (3) a copy of "CareerOneStop's report for 'General and Operations Managers,'" AR 205; (4) the summary report for O*Net's "General and Operations Managers" listing, AR 132–41; and (5) four sample job postings of other organizations' roles that Vision Builders contends are much like its Vice President of Strategic Planning, AR 220–29. Vision Builders' RFE response concluded that "a bachelor's level education in Business Administration, or the equivalent professional employment experience of at least 12 years, plus a minimum of one-year full-time professional experience in business management for the construction industry, is required for [the] Vice President of Strategic Planning position." AR 198.

4

After considering that additional evidence, USCIS found, by a preponderance of the evidence, that Vision Builders' petition met none of the specialty-occupation criteria and denied the petition for an H-1B visa in September 2019. AR 2–12. Vision Builders' sued under the Administrative Procedure Act (APA) to challenge that decision, and the parties cross-moved for summary judgment.

## II. Legal Standards

Under Federal Rule of Civil Procedure 56(a), a court must grant summary judgment if the movant can show "that there is no genuine dispute as to any material fact and [he] is entitled to judgment as a matter of law." In the APA context, however, courts play a more limited role, sitting "as an appellate tribunal," *Am. Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1083 (D.C. Cir. 2001), and look at whether the administrative record supports the agency's action as a matter of law, *Schmidt v. Spencer*, 319 F. Supp. 3d 386, 391 (D.D.C. 2018). "The entire case on review is a question of law, and the complaint, properly read, actually presents no factual allegations, but rather only arguments about the legal conclusion to be drawn about the agency action." *Rempfer v. Sharfstein*, 583 F.3d 860, 865 (D.C. Cir. 2009) (internal quotation marks omitted) (quoting *Marshall Cty. Health Care Auth. v. Shalala*, 988 F.2d 1221, 1226 (D.C. Cir. 1993)). And summary judgment "serves as the mechanism for deciding, as a matter of law, whether the agency action is supported by the administrative record and otherwise consistent with the APA standard of review." *Citizens for Responsibility & Ethics in Wash. v. SEC*, 916 F. Supp. 2d 141, 145 (D.D.C. 2013) (citing *Richards v. INS*, 554 F.2d 1173, 1177 & n.28 (D.C. Cir. 1977)). In making that determination, a court is generally limited to the record before the agency when it made its decision. *See CTS Corp. v. EPA*, 759 F.3d 52, 64 (D.C. Cir. 2014).

Vision Builders brings its APA claim under 5 U.S.C. § 706(2)(A), which provides that a court must "hold unlawful and set aside agency action, findings, and conclusions found to be

arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." In applying that standard, the key question is whether the agency's decision was "the product of reasoned decisionmaking." *Motor Vehicle Mfrs. Ass'n of the U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 52 (1983). The standard "entails a 'very deferential scope of review' that forbids a court from 'substitut[ing] its judgment for that of the agency,'" and thus the plaintiff's burden to make such a showing is a "heavy" one. *Van Hollen, Jr. v. FEC*, 811 F.3d 486, 495 (D.C. Cir. 2016) (quoting *Transmission Access Pol'y Study Grp. v. FERC*, 225 F.3d 667, 714 (D.C. Cir. 2000)). "Nevertheless, the agency must examine the relevant data and articulate a satisfactory explanation for its action including a 'rational connection between the facts found and the choice made.'" *Motor Vehicle*, 463 U.S. at 43 (quoting *Burlington Truck Lines v. United States*, 371 U.S. 156, 168 (1962)). "Normally, an agency rule would be arbitrary and capricious if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Id.*

### III. Analysis

Vision Builders challenges USCIS's denial of its H-1B petition in two main ways, by arguing that USCIS (1) misinterpreted the degree requirement in the "specialty occupation" criteria, 8 C.F.R. § 214.2(h)(4)(iii)(A), and (2) abused its discretion in finding that a business-administration bachelor's degree does not satisfy that requirement in those criteria. The Court disagrees on both fronts.

#### A. USCIS's Interpretation of 8 C.F.R. § 214.2(h)(4)(iii)(A)

When USCIS denied Vision Builders' H-1B petition based on the specialty-occupation criteria, it "logically . . . read" the applicable regulation, 8 C.F.R. § 214.2(h)(4)(iii)(A), "together

with [the] INA," 8 U.S.C. § 1184(i)(1), to find that the term "degree" in the specialty-occupation criteria, 8 C.F.R. § 214.2(h)(4)(iii)(A), means one "in a specific specialty that is directly related to the proffered position." AR 3.  Although the regulatory criteria refer only to a bachelor's "degree requirement," 8 C.F.R. § 214.2(h)(4)(iii)(A), and do not specify the precise nature of the degree, another provision of the regulation makes clear—as does the text of the INA—that for a position to be a specialty occupation, the required bachelor's degree must be in "the specific specialty," 8 U.S.C. § 1184(i)(1)(B); *see* 8 C.F.R. § 214.2(h)(4)(ii).

Vision Builders reads the regulation in isolation to mean that a position is "a 'specialty occupation' if there is a regular pattern of requiring a college degree or higher for an occupation," regardless of "the nature or subject matter of the underlying degree." P's MSJ at 12.  Not so—it is "well-settled in the case law and USCIS's reasonable interpretations of the regulatory framework" that "a generalized bachelor['s] degree requirement is [in]sufficient to render a position sufficiently specialized to qualify for H-1B status." *Raj & Co. v. USCIS*, 85 F. Supp. 3d 1241, 1246 (W.D. Wash. 2015); *see, e.g.*, *Taylor Made*, 453 F. Supp. 3d at 237 ("endors[ing] USCIS's interpretation of these provisions" because "§ 214.2(h)(4)(iii)(A) must be read in context, not in a vacuum" (cleaned up)); *Royal Siam Corp. v. Chertoff*, 484 F.3d 139, 147 (1st Cir. 2007).  Finding otherwise would contravene the text of the INA, 8 U.S.C. § 1184(i)(1)(B), and courts have also noted that it "would run contrary to congressional intent to provide a visa program for specialized, as opposed to merely educated, workers." *Raj*, 85 F. Supp. 3d at 1246; *see Caremax Inc. v. Holder*, 40 F. Supp. 3d 1182, 1187–88 (N.D. Cal. 2014).[3]

---

[3] Plaintiff's position is not entirely without support, and some courts appear to find that requiring a generalized bachelor's degree can render a position a specialty occupation.  *See RELX, Inc. v. Baran*, 397 F. Supp. 3d 41, 54–55 (D.D.C. 2019).  But, as explained above, that position conflicts with the INA's text.  And even the supplemental authority that Plaintiff relies on recognizes "that USCIS could reasonably reject the notion . . . that any general college degree

7

To be sure, a position need not require a single specific degree for it to qualify as a specialty occupation. *See Taylor Made*, 453 F. Supp. 3d at 243 ("Diplomas rarely come bearing occupation-specific majors." (citation omitted)); P's MSJ at 12. And USCIS "did not apply a one-degree rule," D's Reply at 2, which courts have rightly rejected, *see RELX, Inc. v. Baran*, 397 F. Supp. 3d 41, 54–55 (D.D.C. 2019); P's MSJ at 15. Rather, it merely interpreted the specialty-occupation criteria to incorporate the statute's requirement that the degree at issue be "in a specific specialty related to the duties of the position." D's MSJ at 7; *see* AR 6–11. That interpretation is most faithful to the statute, and the Court finds that USCIS did not err in adopting it.

### B. The "Specialty Occupation" Criteria

Based in part on the above interpretation of 8 C.F.R. § 214.2(h)(4)(iii)(A), USCIS then found that Vision Builders' position at issue met none of the criteria for consideration as a "specialty occupation," several of which Vision Builders now challenges.

> **1.  "A baccalaureate or higher degree or its equivalent is normally the minimum requirement for entry into the particular position." 8 C.F.R. § 214.2(h)(4)(iii)(A)(1).**

USCIS found that Vision Builders had not shown that a Vice President of Strategic Planning—which Vision Builders compared to the OOH "General and Operations Manager" role, AR 62, a "type[] of top executive[]," AR 123—normally needs a "baccalaureate level of education in a specific specialty as a normal, minimum for entry into the occupation," AR 8. It based that conclusion on (1) the OOH report describing a General and Operations Manager's responsibilities as "too diverse and general to be classified into one area of management or

---

satisfies the [specialty occupation] Provision." ECF No. 22-2 at 53 (*InspectionXpert Corp. v. Cuccinelli*, No. 19-cv-65, 2020 WL 1062821, at *25 (M.D. N.C. Mar. 5, 2020), *report and recommendation adopted*, 2020 WL 3470341 (Mar. 31, 2020)); *see also* ECF No. 22-1 at 8 (*3Q Digital, Inc. v. USCIS*, No. 19-CV-579-RCL, 2020 WL 1079068, at *4 (D.D.C. Mar. 6, 2020)).

administration," AR 7, the role's "education and experience," which "varies as widely as the nature of their responsibilities"; and that "many" General and Operations Managers "have a bachelor's or master's degree in business administration," but some do not and "work their way up within the company," *id.*; *see* AR 123, 138; (2) DOL's "CareerOneStop" Occupation Profile for General and Operations Managers, which shows that only 46 percent of workers in this field have a bachelor's degree or higher, *see* AR 8, 208, 211; and (3) O*Net's "Job Zone assignments," which state that "[m]ost of these occupations require a four-year bachelor's degree, but some do not," AR 138, which USCIS discounted because O*Net does not "mention . . . the specific field of study from which the degree must come." AR 8; *see* AR 138; *cf. Royal Siam*, 484 F.3d at 146 ("[T]he choice of what reference materials to consult is quintessentially within an agency's discretion.").

Vision Builders points out that USCIS failed to discuss the part of the O*Net report that mentions that "*most* top executives have at least a bachelor's degree and a considerable amount of work experience," AR 122–25; *see* P's MSJ at 8. But it is ultimately immaterial whether "many" or "most" Vice Presidents of Strategic Planning or General and Operations Managers require a generalized bachelor's degree, because USCIS found that Vision Builders' petition did not fulfill this criterion for another reason. As explained above, USCIS found that this criterion also requires the petitioner to prove that the position at issue normally requires a degree "in [a] specific specialty," *Sagarwala v. Cissna*, 387 F. Supp. 3d 56, 66 (D.D.C. 2019) (quoting 8 U.S.C. § 1184(i)(1)(B)). And USCIS reasonably found that the degree Vision Builders argued is required—a bachelor's degree in business administration—is *not* in "a specific specialty that is directly related to the proposed position," *see* AR 7–8; *2233 Paradise Rd., LLC v. Cissna*, No. 17-cv-01018-APG-VCF, 2018 WL 3312967, at *3 (D. Nev. July 3, 2018) ("[C]ourts and the agency have consistently made clear that a position requiring a business administration degree

does not constitute a specialty occupation because a business administration degree is a 'general-purpose' degree.").[4] Indeed, according to DOL's CareerOneStop and O*NET, workers in those positions "oversee operations that are too diverse and general to be classified into one area of management or administration," AR 123, 205, and a wide range of academic programs can prepare them for the role: "Entrepreneurship/Entrepreneurial Studies," "Public Administration," "Retail Management," "Parks, Recreation and Leisure Facilities Management, Other," and "Business Administration and Management, *General*."[5]  AR 207 (emphasis added).

### 2. "The degree requirement is common to the industry in parallel positions among similar organizations."  8 C.F.R. § 214.2(h)(4)(iii)(A)(2).

Next, USCIS reasonably concluded, and Vision Builders does not contest, that Vision Builders had not shown that a specialized degree requirement is "common to the industry in parallel positions among *similar* organizations."  8 C.F.R. § 214.2(h)(4)(iii)(A)(2) (emphasis added); *see* AR 9.  USCIS's RFE advised Vision Builders—consistent with the criterion's requirement that organizations be "similar"—that when submitting evidence on this issue, "[a]ny job postings . . . should be supported by documentation" showing that the "firm offering the position . . . is similar to your organization."  AR 154.  Vision Builders submitted four job

---

[4] Vision Builders spills much ink challenging USCIS's purported failure to consider evidence in the administrative record showing that the Vice President of Strategic Planning requires a generalized bachelor's degree.  *See* P's Reply at 9–12.  But USCIS *did* consider much of that evidence, *see* AR 6–8.  In any event, USCIS did not abuse its discretion in failing to consider evidence that would not have altered its conclusion that the degree at issue is not in a specific specialty.  USCIS also expressly addressed "Dr. Eisner's Expert Letter," P's Reply at 11, which speaks to the requirement for a bachelor's in business administration.  *See* AR 11.

[5] To be sure, Vision Builders' proposed role also requires a "year of professional experience in the construction industry."  AR 63.  But similarly, USCIS did not abuse its discretion in finding that experience insufficiently specialized to make the position's minimum requirements the "equivalent" of a "baccalaureate or higher degree" in such a specialty, 8 C.F.R. § 214.2(h)(4)(iii)(A)(1); *see* AR 9; *Royal Siam*, 484 F.3d at 147 n.5.

postings of other organizations' roles that Vision Builders contends are similar to its Vice President of Strategic Planning, AR 220–29, but included no evidence that those organizations are much like it in "size, scope, . . . scale of operations, expenditures, or revenue." *Innova Sols., Inc. v. Baran*, 338 F. Supp. 3d 1009, 1021 (N.D. Cal. 2018); *see 3Q Digital, Inc. v. USCIS*, No. 19-cv-579-RCL, 2020 WL 1079068, at *5 (D.D.C. Mar. 6, 2020) (finding USCIS's decision that the plaintiff "did not sufficiently indicate a common need for a degree" "neither arbitrary nor capricious" when the plaintiff "provided no evidence that . . . the two companies whose job postings they submitted" are similar organizations).

### 3. The "particular position is so complex or unique that it can be performed only by an individual with a degree." 8 C.F.R. § 214.2(h)(4)(iii)(A)(2).

USCIS also reasonably determined that Vision Builders had not shown that the position at issue is so complex or unique such that it requires a specialized degree. USCIS considered evidence on the Vice President of Strategic Planning's job duties, "the location of employment, the proffered wage, et cetera," and found "the submitted list of duties . . . generic in nature" because it "provide[d] no further detail as to the unique or complex nature of the proffered position." AR 9. For instance, it concluded that "duties such as 'oversee management of all administrative activities,' 'direct strategic planning, propose and implement long range business objectives and analyze financial statements,' 'manage the promotion, development and extension of the business,' 'monitor business competitor's activities,' and 'attend various industry association events,' do not illustrate that proffered position is unique or complex in nature." AR 9–10 (cleaned up); *see* AR 4–5, 53, 199–202.

If the record consisted of just Vision Builders' initial list of those generic job duties, AR 53, USCIS could certainly have exercised its discretion to find the list insufficient to show that the position is "so complex or unique" that it could be performed only by an individual with a

11

specialized degree. *See Taylor Made*, 453 F. Supp. 3d at 240. But Vision Builders provided more: a detailed analysis of what those responsibilities entail and an "expert opinion position letter" from a college professor—concluding that the position requires a specialized degree, "Business Administration and related fields," AR 177—which USCIS rejected when considering the last specialty-occupation criterion. *See* AR 4–5, 11, 177–83, 199–202. But while those materials provide more detail about the complexity of the position, they do not show that USCIS abused its discretion in finding that Vison Builders had not shown that the position requires a specialized degree. Once again, this is so because USCIS reasonably concluded, *see* AR 10–11, that the degree Vision Builders argued is required—a bachelor's degree in business administration—is a "general-purpose degree" that "does not establish the position as a specialty occupation." AR 10; *see, e.g.*, *Royal Siam*, 484 F.3d at 147.

Neither of Vision Builders' arguments show otherwise. First, it represents that the Vice President of Strategic Planning requires "specialized knowledge" in eleven fields, including "Contract Negotiations," "Managerial Finance," "Human Resource Management," and "Strategic Planning." AR 199. But for the reasons already explained, just because a position requires knowledge imparted by a bachelor's degree in business administration does not mean the position is a specialty occupation. To the contrary, any degree that covers such a "large subset of fields[] can hardly be considered specialized." *Caremax*, 40 F. Supp. 3d at 1187–88. In fact, the record suggests that the position requires a bachelor's in business administration because no other degree or degrees could cover the broad responsibilities captured by the role. *See* AR 123, 205 (General and Operations Managers "oversee operations that are too diverse and general in nature to be classified in any one functional area."); AR 4–5, 53, 199–202.

Second, Vision Builders points to the text of the specialty-occupation regulation, which considers "business specialties" to be one of the prototypical "fields of human endeavor" that the

12

H-1B visa was intended to cover, and argues that "business specialties easily include[] a degree in business administration." P's Reply at 8 (quoting 8 C.F.R. § 214.2(h)(4)(ii)). But a close reading of the regulation supports the conclusion that a generalized bachelor's degree in business administration is not specific enough to fill the bill. Indeed, "business" is the only field that the regulation qualifies with the word "specialties"—every other field listed, like "physical sciences," "education," and "accounting," stand alone without a narrowing qualifier. 8 C.F.R. § 214.2(h)(4)(ii). Thus, for an H-1B applicant to show that a required business-related degree is specialized, the regulation suggests that a degree must be in one or more particularized business "specialties," *id.*, not a catchall degree like business administration. *Cf. The Jonathan D. Rosen Family Found., Inc. v. Baran*, 19-cv-4301 (ELR), 2020 WL 5551030,at *10 (N.D. Ga. May 26, 2020) (affirming USCIS's decision that a "Business Analyst" position was not a specialty occupation when the plaintiff cited "their 5-page description of the position, its 9-page expansion, the affidavit of the Executive Director, and the [expert] opinion" explaining that the position requires "specific coursework associated with the attainment of, at minimum, a bachelor's degree in Business Administration or a related field").

    **4.**    **"The employer normally requires a degree or its equivalent for the position." 8 C.F.R. § 214.2(h)(4)(iii)(A)(3).**

This is the first time Vision Builders has hired a Vice President of Strategic Planning, and so it offered no evidence on what Vision Builders "normally requires" for this role. 8 C.F.R. § 214.2(h)(4)(iii)(A)(3); *see* AR 10. It is thus no surprise that Vision Builders does not contest USCIS's reasonable finding that Vision Builders did not show that the role satisfies this criterion. *See Caremax*, 40 F. Supp. 3d at 1189.

> **5.** **"The nature of the specific duties are so specialized and complex that knowledge required to perform the duties is usually associated with the attainment of a baccalaureate or higher degree." 8 C.F.R. § 214.2(h)(4)(iii)(A)(4).**

Lastly, USCIS considered Vision Builders' position description and expert opinion letter analyzing that description, and again concluded that they do not "support the contention that the proffered position requires at least a bachelor's degree or higher or its equivalent in a *specific specialty*." AR 11 (emphasis added).  Vision Builders argues that USCIS abused its discretion in "discount[ing] the advisory opinion" and its conclusion that the role is a specialty occupation based on the expert's failure to conduct independent research or cite sufficient facts.  AR 11; *see* P's Reply at 13–14; *cf. 3Q Digital*, 2020 WL 1079068, at *6.  But the Court need not parse through the entire factual basis for that opinion when the expert considered business administration a specialized degree, *see* AR 177, 180–81.  For the reasons explained, USCIS reasonably found that it was not.  And in part for that reason, the USCIS reasonably concluded that the opinion did not help Vision Builders show that its position required a baccalaureate or higher degree "in a *specific specialty*." AR 11 (emphasis added).

*          *          *

For these reasons, Vision Builders has not met its burden to show that USCIS's analysis of the specialty-occupation criteria and denial of its H-1B petition was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Motor Vehicle Mfrs. Ass'n of the U.S.*, 463 U.S. 29, 41 (1983).

14

## IV.     Conclusion

For all the above reasons, the Court will deny Plaintiff's Motion for Summary Judgment, ECF No. 12, and Motion/Request for Oral Argument, ECF No. 21, and grant Defendant's Cross-Motion for Summary Judgment, ECF No. 15.  A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: October 5, 2020